IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LONTONIO JAMIN DECRUZ SMITH,

                Plaintiff,

   v.

WARDEN TEGELS, HSU
MANAGEMENT MASSEN,
HSU NURSING SUPERVISOR
DR. LIU, NURSE HENTZ, and
NURSE ENDER,

                Defendants.

OPINION and ORDER

22-cv-619-wmc[1]

---

      Pro se plaintiff Lontonio Smith is an inmate at Jackson Correctional Institution. He alleges that he has not received adequate medical treatment for his shoulder pain. Smith seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee as previously directed by the court.

      The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Because Smith's complaint does not comply with the Federal Rules of Civil Procedure, I will dismiss his claims and give him a short time to file an amended complaint.

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

ALLEGATIONS OF FACT

In December 2021, Smith began submitting health services requests about rotator cuff pain in his shoulder but says he has been "given the run around" about the problem. Dkt. 1 at 3. Although Smith was repeatedly told that he was scheduled to be a seen by a medical care provider, he waited eight months. While he waited, Smith often experienced pain "so bad [he] couldn't do anything or sleep." *Id.* at 2.

Smith explained to the provider he saw in August 2022 that he needed an x-ray of his shoulder and rotator cuff surgery. The provider told Smith to try six to eight weeks of physical therapy first to avoid the need for x-rays or surgery.

Smith has only had one physical therapy appointment since the referral was made. He remains in severe pain that naproxen, Tylenol, and muscle rub does not relieve. Smith has told "them" that he no longer wants to take medication and would like to "get the surgery over with," or at least have x-rays. *Id.* at 3. Smith continues to submit health services requests for treatment and inmate complaints "to prove everything [he is] going through with HSU about [his] shoulder." *Id.*

ANALYSIS

Smith's allegations implicate his Eighth Amendment rights. The Eighth Amendment prohibits jail officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To prevail on an Eighth Amendment medical care claim, a prisoner must prove that he suffered from an objectively serious medical condition and that staff consciously failed to take reasonable steps to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical need is serious if it is life-threatening, carries risks of permanent

2

serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Smith cannot proceed on his claims. Rule 8 requires the plaintiff to allege enough facts to support a claim under federal or state law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Rule 8 also requires the plaintiff to provide fair notice to each defendant about what he or she did wrong. Although Smith's allegations generally describe what has happened to him and suggest that he has a serious medical need, he does not explain why he is suing any of the defendants he has named in the caption. I cannot discern from his allegations what each defendant knew about Smith's medical care or what actions Smith believes each defendant took to violate his rights. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003) (a defendant must have some personal involvement in the constitutional deprivation to be liable under 42 U.S.C. § 1983).

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). I will give Smith a short time to submit an amended complaint on the court's complaint form, which I will have the clerk of court send him.

In drafting his amended complaint, Smith should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation.
- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights.

- Refrain from filing exhibits with his complaint. I will not consider information contained in attachments.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

If Smith files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, this case will be closed for his failure to prosecute it.

## ORDER

IT IS ORDERED that:

1. Plaintiff Lontonio Smith's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

2. Plaintiff may have until December 28, 2022, to file an amended complaint that complies with Rule 8 as set forth above. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order.

3. If plaintiff does not file an amended complaint by December 28, the clerk of court is directed to close this case.

Entered December 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge